ARMANDO VALLE TOLEDO, Plaintiff and Appellee, v. THE COMMONWEALTH OF PUERTO RICO, Respondent and Appellant.

No. 12372.   Submitted April 29, 1960.—Decided May 17, 1961.

---

*J. B. Fernández Badillo, Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *Edgar S. Belaval, Assistant Attorney General,* for appellant. *Víctor A. Coll* for appellee.

PER CURIAM.

Pursuant to the provisions of Act No. 76 of April 13, 1916, as amended, plaintiff appellee filed a complaint in the Superior Court, San Juan Part, on June 25, 1954 against the Commonwealth of Puerto Rico and the Consolidated Construction Company, an independent contractor, claiming damages to his property by reason of the construction of a section of insular highway No. One. The main damage consisted in that upon having leveled off the highway, his house was left on the border of a high slope which was about to tumble down.

The Commonwealth of Puerto Rico filed a motion to dismiss which was denied by the trial court. Both defendants answered. Appellant denied principally the damages, the amount and the negligence. Furthermore, as additional defense, it alleged that if plaintiff had any rights, they should have been delucidated in the condemnation suit filed by the Commonwealth of Puerto Rico against Valle Toledo and others before the Court of Eminent Domain.

After a hearing, the special defense was dismissed. Thereafter the case was heard on its merits. During the trial the Consolidated Construction Company was excluded as defendant. Later, the trial court rendered judgment whereby the Commonwealth of Puerto Rico was ordered to pay plaintiff the sum of $4,700 for damages.

In the appeal filed from said judgment, the Commonwealth of Puerto Rico assigns the commission of several

errors, the first of which consists in having denied the motion to dismiss the complaint.

Said motion was based on the fact that the complaint did not allege that the Commonwealth of Puerto Rico had acted through a special agent.

In deciding the motion the trial court said:

"It is true that it was not a special agent of the Commonwealth of Puerto Rico who has caused the damages alleged in the complaint, but we do not believe that the purpose of the law is to require the citizen whose property has been taken by the State without the due process of law, to procure from the Legislative Assembly, with the Governor's approval, the enactment of a law which allows him to sue the State. The Constitution of the Commonwealth of Puerto Rico provides in Article II, § 9 that 'Private property shall not be taken or damaged for public use except upon payment of just compensation and in the manner provided by law.' In this case the Commonwealth of Puerto Rico should have filed a condemnation proceeding against defendant, since the facts alleged in the complaint constitute a taking of plaintiff's property." (Tr. R. pp. 5 and 6.)

The afore-mentioned constitutional provision is not applicable to this case. The record shows that the government condemned and paid for the property which it took for the widening of the highway [1] by stipulation of the parties.

When the trial court dismissed the defense of res judicata it stated, "the damages alleged in the complaint arose during and after the construction of the highway and were not subject to discussion when the stipulation and judgment of the condemnation suit took place."

---

[1] It appears from the record that the condemnation proceedings started on April 9, 1952. Plaintiff's predecessors in title were made defendants as well as plaintiff, but in relation to a house belonging to the latter which was about to be destroyed. Although plaintiff acquired his property by deed of March 9, 1952, he stated at the trial that he had bought it after the commencement of the condemnation proceedings; that the government paid to the former owners the value of the portion of the land condemned and that he did not claim the damages before because they had not yet been produced. Plaintiff bought that property from his mother-in-law who was the widow of Pablo Román Caballero.

Obviously plaintiff relied on the action for damages which flows from § 1803 of the Civil Code (31 L.P.R.A. § 5142) and his complaint could not prosper if he did not allege and prove, which he failed to do, that when the damages occurred, the Commonwealth of Puerto Rico acted through a special agent.[2] *Ortiz* v. *People*, 44 P.R.R. 146; *M. Grau e Hijos* v. *People*, 51 P.R.R. 12; *Soto* v. *Luchetti*, 58 P.R.R. 715; *Rivera* v. *People*, 65 P.R.R. 925; *Valiente & Co.* v. *Cuevas, Com'r*, 65 P.R.R. 169; *Peña* v. *People*, 68 P.R.R. 870; *Acevedo* v. *People*, 69 P.R.R. 402.

Under these circumstances, it is unnecessary to consider the other errors assigned by appellant. The judgment rendered by the trial court is hereby reversed and another rendered dismissing the complaint.

---

[2] Act No. 76 of 1916, as amended, was repealed by Act No. 104 of June 29, 1955. The new law does not require that the Commonwealth of Puerto Rico act through a special agent, for the purpose of its liability for damages caused by a culpable or negligent act or omission.